**FILED**
**May 24, 2024**
**01:20 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **ANDREA SANDERS,** | ) | **Docket No. 2023-08-5028** |
| Employee, | ) | |
| v. | ) | |
| **TJX CO., INC.,** | ) | **State File No. 48532-2023** |
| Employer, | ) | |
| And | ) | |
| **AMERICAN ZURICH INS. CO.,** | ) | **Judge Allen Phillips** |
| Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

Ms. Sanders requested medical and temporary disability benefits for an injury she said was caused by a falling wire. TJX contended the falling wire did not injure her. After an Expedited Hearing on May 21, 2024, the Court holds Ms. Sanders likely would not prevail at trial and is not entitled to the requested benefits.

### History of Claim

In her petition, Ms. Sanders alleged that on June 27, 2023, a wire with an attached plug fell from the ceiling while she was standing at her desk with her back turned. Ms. Sanders wrote that the falling wire "swung from around [her] desk" and hit a male co-worker, who then "bumped" her desk. That in turn caused her neck to pop and strike her buttocks on the desk.

Ms. Sanders reported the injury that day, and TJX sent her to a walk-in clinic. The walk-in clinic recorded that Ms. Sanders said an "electrical plug" fell from the ceiling and "struck her L shoulder area causing her to fall back on to something." The diagnosis was a cervical strain, and Ms. Sanders was allowed to return to full activities the next day.

A June 30 record from the clinic reads, "she was struck with the electrical cord" and "thrown back on a table." The diagnosis remained a cervical strain, and Ms. Sanders was discharged to work full-duty. Before leaving, she asked if she should "go to the ER" to

1

make sure she had not been electrocuted; the provider said there was no evidence of electrocution. The provider also wrote that TJX had informed the clinic that a video showed the wire did not strike Ms. Sanders.

Ms. Sanders offered only one other record, from an August 19 emergency room visit. There, she complained of back and neck pain that began "three weeks" earlier. Ms. Sanders reported "another person was hit with an object at work and fell into her." The note does not document a diagnosis or examination. A bill for that visit is the only bill in evidence.

At the hearing, Ms. Sanders testified that when the wire fell, it "pulled something back," causing her to fall backwards and strike her neck and back. Ms. Sanders said that the wire did not strike her directly, but the co-worker "may" have hit her desk. She also said that she "knew they were going to watch [the] camera," so she had to report the incident.

On cross-examination, Ms. Sanders repeatedly said she "can't recall" if the wire hit her. However, she admitted that, in her deposition, she testified that she was "100% sure" it did. She also admitted she testified in her deposition that the fall was the "hardest fall in her life." She admitted having seen the video when deposed but claimed she did not know if it showed the wire striking her.

For its part, TJX offered the video. It showed Ms. Sanders standing in a cubicle speaking with a male standing three to four feet to her right. Two connected cables with what appeared to be electrical plugs at their ends are seen draped over the right-rear corner of the cubicle's back wall. Ms. Sanders leaned her lower back against what appears to be a table sitting in front of the back wall, and shortly after the cables came loose. They swung a short distance, and the plugs at the ends struck the male on his left arm. The male did not fall, and he did not touch Ms. Sanders or the table. Ms. Sanders did not look towards the male or react to his being struck for approximately two seconds and then stepped to her left as if startled.

Ms. Sanders did not dispute she was depicted in the video but said it does not show the "power" or "electricity" may have knocked her back. She again claimed she may have been electrocuted but admitted she had no burns on her body.

Ms. Sanders wanted TJX to pay the emergency room bill, offer further medical evaluation, and pay her for being off work since the incident. However, she admitted she had worked some temporary jobs, without elaborating on the dates, since the accident.

### Findings of Fact and Conclusions of Law

At this expedited hearing, Ms. Sanders must show she would likely prevail at trial.

*Wilson v. Randstad, Inc.*, 2022 TN Wrk. Comp. App. Bd. LEXIS 42, at *15 (Dec. 19, 2022). In addition, she must offer evidence of a specific incident, identifiable by time and place of occurrence, that caused the alleged injury. *Id.* at *16.

Ms. Sanders repeatedly offered inconsistent versions of the incident, both before and during the hearing. Those inconsistencies and the video compel a finding that she is not credible. The Court watched the video three times at the hearing and multiple times afterwards. It shows that the wire did not strike Ms. Sanders, and she did not fall. It also does not show the co-worker either fell or in any way touched the table near Ms. Sanders.

Thus, in the absence of any evidence of an incident, Ms. Sanders did not show she would likely prevail at trial, and the Court denies her request for benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Sanders's request for benefits is denied.

2. The Court sets a Status Hearing for **Tuesday, July 23, 2024, at 9:30 a.m. Central Time.** The parties must call 731-422-5263 or 855-543-5038 to participate.

**ENTERED May 24, 2024.**

*Allen Phillips*

_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits
1. Collective medical records
2. Wage statement

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on May 24, 2024.

| Name | Email | Service Sent To: |
|---|---|---|
| Andrea Sanders, Employee | X | 5282 Lakeview, Horn Lake, MS 38637 sanderandrea77@gmail.com |
| David Riley, Employer's Attorney | X | driley@gwtclaw.com |

_____
**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*